# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **GEICO ADVANTAGE INSURANCE COMPANY**, and | ) ) ) |
| **GEICO SECURE INSURANCE COMPANY**, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| A.S., a minor, through parent/guardian Jameekka La Dawn Weaver. Serve at: 1318 N. 74th Terrace, Kansas City, Kansas; | ) ) ) ) ) |
| D.H., a minor, through parent/guardian Latoya Houston. Serve at: 7859 N.W. Roanridge Road, Apt. F, Kansas City, Missouri; | ) ) ) ) ) |
| J.M., a minor, through parent/guardian Tenisha Pauley. Serve at: 5819 Georgia Avenue, Kansas City, Kansas; | ) ) ) ) |
| T.U., a minor, through parent/guardian Tina Hubbard. Serve at: 6671 Park St., Shawnee, Kansas; | ) ) ) ) |
| G.M., a minor, through parent/guardian Julie Nava. Serve at: 7407 N.W. 82nd Street, Kansas City, Missouri; | ) ) ) ) |
| A.J., a minor, through parent/guardian Adrianne Belcher. Serve at: 2112 E. Wyandotte Street, Olathe, Kansas; | ) ) ) ) |
| M.H., a minor, through parent/guardian Crystal Lavender. Serve at: 6126 Farrow Ave, Apt. 6, Kansas City, Kansas, | ) ) ) ) |
| Defendants. | ) |

# COMPLAINT FOR INTERPLEADER

Come now Plaintiffs GEICO Advantage Insurance Company and GEICO Secure Insurance Company (together, "GEICO"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1335 and R.S.Mo. § 507.060, and for their Complaint for Interpleader, state as follows:

## PARTIES

1. Plaintiffs are both insurance companies incorporated in the State of Nebraska, with their principal places of business in Maryland, and are therefore citizens of the State of Maryland and the State of Nebraska.

2. Defendant/Claimant A.S. is an individual, minor, and resident and citizen of the State of Kansas. A.S. can be served with process at 1318 N. 74th Terrace, Kansas City, Kansas.

3. Defendant/Claimant D.H. is an individual, minor, and resident and citizen of the State of Missouri. D.H. can be served with process at 7859 N.W. Roanridge Road, Apartment F, Kansas City, Missouri.

4. Defendant/Claimant J.M. is an individual, minor, and resident and citizen of the State of Kansas. J.M. can be served with process at 5819 Georgia Avenue, Kansas City, Kansas.

5. Defendant/Claimant T.U. is an individual, minor, and resident and citizen of the State of Kansas. T.U. can be served with process at 6671 Park Street, Shawnee, Kansas.

6. Defendant/Claimant G.M. is an individual, minor, and resident and citizen of the State of Missouri. G.M. can be served with process at 7407 N.W. 82nd Street, Kansas City, Missouri.

7. Defendant/Claimant A.J. is an individual, minor, and resident and citizen of the State of Kansas. A.J. can be served with process at 2112 E. Wyandotte Street, Olathe, Kansas.

2

4829-5971-7097 v1

Case 4:21-cv-00414-DGK   Document 1   Filed 06/15/21   Page 2 of 11

8. Defendant/Claimant M.H. is an individual, minor, and resident and citizen of the State of Kansas. M.H. can be served with process at 6126 Farrow Avenue, Apartment 6, Kansas City, Kansas.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335(a) because there are seven adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332(a), who claim or may claim to be entitled to the proceeds under the bodily injury liability limits of an insurance policy valued at $500 or more, which are in the custody of GEICO. The parties who claim or may claim to be entitled to all or part of the insurance proceeds under the Policies' bodily injury liability limits are A.S. (a citizen of the State of Kansas), D.H. (a citizen of the State of Missouri), J.M. (a citizen of the State of Kansas), T.U. (a citizen of the State of Kansas), G.M. (a citizen of the State of Missouri), A.J. (a citizen of the State of Kansas), and M.H. (a citizen of the State of Kansas). The total amount of the insurance proceeds available under the Policies—$350,000—exceeds the amount-in-controversy requirement of $75,000.

2. This Court has personal jurisdiction over A.S., J.M., T.U., A.J., and M.H. pursuant to 28 U.S.C. § 2361.

3. Venue is proper in this District under 28 U.S.C. § 1397 because one or more of the Defendants/Claimants resides in this District.

## THE POLICIES

9. Plaintiff GEICO Advantage Insurance Company issued a Kansas Family Automobile Insurance Policy to Named Insured Veronica Katherine Hollinger bearing Policy No. 4609-19-48-59 for the policy period of October 7, 2020 through April 7, 2021. This policy lists a

2011 Chevrolet Tahoe and a 2010 Kia Rio as the listed vehicles. The policy provides for bodily injury liability coverage with liability limits of $100,000 per person and $300,000 per occurrence.

10. Plaintiff GEICO Secure Insurance Company issued a Kansas Family Automobile Insurance Policy to Named Insured Kayvin Lasho Hollinger bearing Policy No. 6042-15-84-58 for the policy period of October 30, 2020 through April 30, 2021 (together, with Policy No. 4609-19-48-59, the "Policies."). This policy provides for bodily injury liability coverage with liability limits of $25,000 per person and $50,000 per occurrence.

11. The subject of this interpleader action is the proceeds under the Policies' combined per-occurrence bodily injury liability limit, which is $350,000.

12. On the date of the Accident as described below, GEICO's insured Kayvin Hollinger was driving the 2010 Kia Rio listed in Policy No. 4609-19-48-59 in Jackson County, Missouri.

13. A copy of Policy No. 4609-19-48-59 is attached hereto as "Exhibit A."

14. A copy of Policy No. 6042-15-84-58 is attached hereto as "Exhibit B."

15. In relevant part, both Policies state:

> **SECTION I - LIABILITY COVERAGES**
> *Your* Protection Against Claims From Others
> **BODILY INJURY LIABILITY**
> **PROPERTY DAMAGE LIABILITY**

**DEFINITIONS**

The words italicized in Section I of this policy are defined below.

\*\*\*

**2.** *Bodily injury* means bodily injury to a person, including resulting sickness, disease, or death.

\*\*\*

**4.** *Insured* means a person or organization described under PERSONS INSURED.

4

4829-5971-7097 v1
Case 4:21-cv-00414-DGK   Document 1   Filed 06/15/21   Page 4 of 11

\*\*\*

**6.** *Owned auto* means:

(a) A vehicle described in this policy for which a premium charge is shown for these coverages;

\*\*\*

**PERSONS INSURED**

**Who is Covered**

Section I applies to the following as *insureds* with regard to an *owned auto*:

1. *you* and *your relatives*;

2. any other person using the auto with *your* express or implied consent.

\*\*\*

**LOSSES WE WILL PAY FOR *YOU* UNDER SECTION I**

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:
   1. *Bodily Injury*, sustained by a person; or,

   2. Damage to or destruction of property, arising out of the ownership, maintenance, or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

\*\*\*

**LIMITS OF LIABILITY**

Regardless of the number of autos or *trailers* to which this policy applies:

1. The bodily injury limit of liability stated in the Declarations as applicable to "each person" is the limit of liability for all damages, including damages for care and loss of service, because of *bodily injury* to one person as the result of one occurrence.

2. The bodily injury limit of liability stated in the Declarations as applicable to "each occurrence" is, subject to the above provision respecting the limit applicable to "each person", the total limit of our liability for all damages,

including damages for care and loss of service, because of ***bodily injury*** to two or more personas as the result of any one occurrence.

## THE ACCIDENT

16. On December 12, 2020, GEICO's insured Kayvin Hollinger was operating the listed 2010 Kia Rio southbound on The Paseo in Jackson County, Missouri.

17. Defendant/Claimants A.S., D.H., J.M., T.U., G.M., A.J., and M.H. were all passengers in the 2010 Kia Rio driven by GEICO's insured Kayvin Hollinger.

18. According to the Kansas City, Missouri Police Department Missouri Uniform Crash Report, the accident occurred when the 2010 Kia Rio driven by GEICO's insured Kayvin Hollinger hit a curb, lost control, and struck a tree. The Missouri Uniform Crash Report is attached hereto as "Exhibit C."

19. Upon information and belief, all or most of the occupants of the vehicle sustained bodily injuries as a result of the accident.

20. The Defendants/Claimants each allege or could allege that GEICO's insured Kayvin Hollinger's actions caused or contributed to cause the accident in question and further allege or could allege she is liable all or in part to them for the bodily injuries they suffered as a result of the accident.

21. Upon information and belief, all or most of the Defendants/Claimants allege they have a valid claim against Kayvin Hollinger and against the Policies for their personal injuries suffered as a result of the accident.

22. Upon information and belief, the Policies provide bodily injury liability coverage to the Defendants/Claimants as a result of the accident, as set forth more fully above.

23. Upon information and belief, the claims made against Kayvin Hollinger and/or the Policies by the Defendants/Claimants as a result of the accident exceed the combined bodily injury liability limit of $125,000 per person and $350,000 per occurrence available under the Policies.

## CLAIMS ON THE POLICY

24. Upon information and belief, the Defendants/Claimants have each made claims on the Policies as a result of the accident for their bodily injuries.

25. On March 17, 2021, Brown & Crouppen Law Firm asserted a demand on behalf of their client, A.J. This demand is attached hereto as "Exhibit D." This demand was received by Plaintiffs on April 1, 2021.

26. Upon information and belief, all or most of the Defendants/Claimants each allege, or could allege, that they have a valid claim on the Policies for their personal injuries suffered as a result of the accident.

27. The claims made on the Policies by the Defendants/Claimants as a result of the accident exceed the combined bodily injury liability limits of $125,000 per person and $350,000 per occurrence available under the Policies.

28. The claims made on the Policies to date may expose Kayvin Hollinger and/or GEICO to multiple liability, including multiple claims against the same limited bodily injury liability coverage available under the Policies.

## COUNT I

## CLAIM FOR INTERPLEADER UNDER 28 U.S.C. § 1335

29. GEICO restates and re-alleges the allegations contained in paragraphs 1 through 28 of its Petition for Interpleader as if fully restated herein.

30. Based on information and belief, all or most of the Defendants/Claimants suffered bodily injury as a result of the accident.

31. As such, all of the Defendants/Claimants may be entitled to bodily injury liability coverage under the Policies and at least one policy limits demand has been asserted to date.

32. The Defendants/Claimants' claims are adverse and independent of each other.

33. The total amount of the claims asserted for bodily injury arising from the December 12, 2020 accident is likely to exceed the Policies' combined per occurrence limit for bodily injury liability coverage of $350,000.

34. Kayvin Hollinger and/or GEICO are exposed to double or multiple liability by the Defendants/Claimants' competing claims.

35. Pursuant Fed. R. Civ. P. 67(a), GEICO seeks an order from this Court to deposit the total, combined per occurrence bodily injury liability limit of $350,000 into the Court within thirty (30) days of this Court's Order granting interpleader of the above-described claims.

36. GEICO is a disinterested stakeholder regarding distribution of the policy proceeds, and will, upon the Court's order granting interpleader, deposit the combined $350,000 per occurrence bodily injury liability limit into the Registry of the Court for distribution to the Defendants/Claimants as this Court shall order.

## COUNT II

## CLAIM FOR INTERPLEADER UNDER R.S.Mo. § 507.060

37. GEICO restates and re-alleges the allegations contained in paragraphs 1 through 36 of its Petition for Interpleader as if fully restated herein.

38. Based on information and belief, all or most of the Defendants/Claimants suffered bodily injury as a result of the accident.

39. As such, all of the Defendants/Claimants may be entitled to bodily injury liability coverage under the Policies and at least one demand has been asserted to date.

40. The first demand for payment was dated March 17, 2021 and was sent by certified mail to GEICO from Brown & Crouppen Law Firm on behalf of Defendant/Claimant A.J.

41. This Petition for Interpleader is being filed within ninety (90) days of GEICO's receipt of the March 17, 2021 demand for payment.

42. This Petition for Interpleader is being filed within ninety (90) days after receiving the first offer of settlement or demand for payment by a claimant for bodily injury as contemplated in R.S.Mo. § 507.060.4.

43. Defendants/Claimants' claims are adverse and independent of each other.

44. The total amount of the claims asserted for bodily injury arising from the December 12, 2020 accident is likely to exceed the Policies' combined $350,000 per occurrence limit for bodily injury liability coverage.

45. GEICO and/or Kayvin Hollinger are exposed to double or multiple liability by the Defendants/Claimants' competing claims.

46. Pursuant to R.S.Mo. § 507.060, GEICO seeks an order from this Court to deposit the total combined per occurrence bodily injury liability limit of $350,000 into the Court within thirty (30) days of this Court's Order granting interpleader of the above-described claims.

47. GEICO is a disinterested stakeholder regarding distribution of the policy proceeds, and will, upon the Court's order granting interpleader, deposit the combined $350,000 per occurrence bodily injury liability limit into the Registry of the Court for distribution to the Defendants/Claimants as this Court shall order.

WHEREFORE, GEICO requests the Court do the following:

A. Discharge GEICO from this action and relieve GEICO from all claims to the proceeds under the Policies' bodily injury liability limits;

B. Enjoin each Defendant/Claimant from filing a suit in this or any other forum against GEICO relating to claims for the proceeds under the Policies' bodily injury liability limits;

C. Declare the rights of the parties concerning the proceeds under the Policies' bodily injury liability limits of $350,000, which constitute the interplead proceeds;

A. Declare that pursuant to R.S.Mo. § 507.060, GEICO shall not be liable to pay any amount in excess of the interplead proceeds to the Defendants for bodily injury, or to any other person or entity entitled to bodily injury liability coverage under the Policies as a result of the December 12, 2020 accident;

B. Declare that pursuant to R.S.Mo. § 507.060, GEICO shall not be liable to pay any amount in excess of the interplead proceeds to the Defendants/Claimants or any other claimant seeking damages as a result of the December 12, 2020 accident for bodily injury pursuant to its bodily injury liability coverage; and

D. Distribute the interplead proceeds to the Defendants/Claimants;

E. Award GEICO its reasonable attorney fees and costs; and

F. Grant GEICO such other relief as the Court deems just and proper.

Dated: June 15, 2021

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.
By: /s/ *Sarah Lynn Baltzell*
    Douglas S. Beck,     #49984
    Sarah E. Lynn Baltzell,  #60937
    Darin J. Van Thournout, #71346

2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550

Facsimile: 816.421.5547
dbeck@shb.com
slynn@shb.com
dvanthournout@shb.com

*Attorneys for Plaintiffs GEICO Advantage Insurance Company and GEICO Secure Insurance Company*

11

4829-5971-7097 v1
Case 4:21-cv-00414-DGK   Document 1   Filed 06/15/21   Page 11 of 11